# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy St. Eve | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8746 | **DATE** | 10/1/2002 |
| **CASE TITLE** | Finnsugar Bioproducts vs. Amalgamated Sugar Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to compel [156-1] is granted. All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 169 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 10/1/2002 | |
| ✓ | Copy to judge/magistrate judge. | 02 OCT -1 PM 2:13 | date mailed notice | |
| | KF courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FINNSUGAR BIOPRODUCTS, INC. an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE AMALGAMATED SUGAR COMPANY, LLC, an Idaho Corporation; and Amalgamated RESEARCH INC., an Idaho Corporation <br><br> Defendants. | No. 97 C 8746 <br> Hon. Judge St. Eve <br> Magistrate Judge Mason |

## MEMORANDUM OPINION AND ORDER

DOCKETED
OCT -2 2002

Michael T. Mason, United States Magistrate Judge:

The motion to compel presently before us concerns discovery requests propounded by defendant/counter-plaintiff Amalgamated Research, Inc. ("ARI") to counter-defendant Finnsugar Bioproducts, Inc. ("Finnsugar"). Finnsugar's original complaint for patent infringement has been dismissed in its entirety; what remains are the three counts of ARI's counterclaim. For the following reasons, we grant the motion to compel.

Finnsugar holds three patents for processes used to extract sucrose and/or betaine from beet molasses (the '430 patent, the '957 patent and the '398 patent). It sued ARI and The Amalgamated Sugar Co., LLC ("ASC") for patent infringement with regard to all three patents; the parties dismissed the claims regarding the '430 and '957 patents by stipulation and the District Court granted summary judgment for the defendants on the '398 patent, finding that it was invalid. The second count of ARI's

counterclaim alleges that Finnsugar violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). ARI contends that Finnsugar made false statements to ARI's customers and potential customers about the patents, stating in the marketplace that ARI was infringing on the patents, even though Finnsugar knew they were unenforceable, and allegedly implying that the customers might be liable for patent infringement if they bought products containing betaine or sucrose from the defendants, or used the defendants' processes to extract betaine or sucrose themselves.[1]

ARI's current motion asks that we compel Finnsugar to provide certain sales information that is relevant to its Lanham Act unfair competition claim. District courts have wide range of discretion when fashioning a remedy for a Lanham Act violation, subject to the principles of equity. 15 U.S.C. § 1117(a); *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir. 1989). Pursuant to the statute, a plaintiff may be entitled to recover 1) defendant's profits; 2) any damages sustained by the plaintiff; and 3) the costs of the action. 15 U.S.C. § 1117(a). "Remedies are intended to make a violation of the Act unprofitable, but not to act as a penalty." *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1092 (7th Cir. 1994) citing *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 742 (7th Cir. 1985). ARI seeks to obtain information on Finnsugar's sales of betaine and sucrose products as part of its case for damages.

In response, Finnsugar argues that even if ARI could prove Finnsugar violated

---

[1] This last sort of statement by a patent holder is known as an "exclusive source" representation. *Zenith Electronics Corp. v. Exzec, Inc.* 182 F.3d 1340, 1344 (Fed.Cir. 1999). These statements violate the Lanham Act because they create the false impression that the patent holder is the exclusive source of a product and an alleged infringer is unable to design around a patent. *Id., citing Publications International, Ltd. v. Western Publishing Co.*, No. 93-C-3074, 1994 WL 23008 (N.D.Ill. Jan. 25, 1994).

the Lanham act, it is not entitled to Finnsugar's profits as part of its damages because ARI has not lost any sales as a result of Finnsugar's alleged statements. Finnsugar points out that ARI has identified only two instances in which Finnsugar allegedly made false statement to ARI customers, and both of those customers still purchased products from ARI, not Finnsugar. Further, Finnsugar points out that ARI's belated identification of four other companies from which it allegedly lost sales does not help its claim, since it has made no allegation that Finnsugar made false statements to these companies.

All of Finnsugar's arguments go to the merits of ARI's counterclaim, *i.e.*, it argues that ARI should not be able to conduct discovery relevant to damages because it is not going to win its case, and even if it does win, there is no way the District Court, in its discretion, will award ARI the defendant's profits.[2] In response, ARI notes that it has in fact been damaged by Finnsugar's alleged behavior by, among other things, being forced to indemnify its customers against any possible suit for infringement before they agreed to purchase from ARI. Further, the Lanham Act does not require either that the parties be direct competitors or that the defendant acted wilfully before damages may be awarded. *Roulo*, 886 F.2d at 941.

It is not our place to decide the merits of ARI's Lanham Act claim; we are only concerned with the relevance of ARI's discovery requests. Because it has a Lanham Act claim against Finnsugar that is at least minimally viable (*i.e.*, not subject to a motion to dismiss), its request for profit information from Finnsugar is relevant. Whether the

---

[2] Finnsugar also argues that its minimal communications with two of ARI's customers do not constitute a violation of the Lanham Act anyway, so ARI is not entitled to damages. This argument also goes to the merits of ARI's claim.

3

District Court actually decides to award such profits as damages if ARI wins its case is a separate question not before us. Therefore, Finnsugar is ordered to respond to ARI's outstanding discovery requests concerning its sales of betaine and sucrose. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 1, 2002

4