# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8746 | **DATE** | 10/9/2002 |
| **CASE TITLE** | Finnsugar Bioproducts, Inc. vs. The Amalgamated Sugar Company, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. **Plaintiff's Renewed Motion for Reconsideration [doc. 167-1] is hereby denied. Defendant's Motion to Strike [doc. 170-1] is denied as moot. The Court is striking the briefing schedule on the Motion to Strike.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 10 2002 date docketed | 173 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/9/2002 | |
| TH ✓ | courtroom deputy's initials | 02 OCT -9 AM 9:31 Date/time received in central Clerk's Office | date mailed notice TH mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FINNSUGAR BIOPRODUCTS, INC., | ) |
| Plaintiff, | ) No. 97 C 8746 |
| v. | ) Honorable Amy J. St. Eve |
| THE AMALGAMATED SUGAR COMPANY, LLC, and ARI, | ) |
| Defendants. | ) |

**DOCKETED OCT 1 0 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff Finnsugar Bioproducts, Inc. has filed a Renewed Motion for Reconsideration of the Court's March 25, 2002 order finding Plaintiff's patent invalid under the "on sale" bar of the Patent Act, 35 U.S.C. § 102(b). Defendants The Amalgamated Sugar Co., LLC and ARI have filed a Motion to Strike Plaintiff's (Third) Motion for Reconsideration. Plaintiff then filed a Motion to Strike Defendants' Motion to Strike, and the Court denied that motion on October 7, 2002. For the reasons set forth below, Plaintiff's Renewed Motion for Reconsideration (R. 167-1) is denied. Further, Defendants' Motion to Strike (R. 170-1) is denied as moot.

## BACKGROUND

On March 28, 2001, Judge Coar granted Defendants' motion for partial summary judgment, holding that Patent No. 5,795,398 ("the '398 patent") was invalid under the on sale bar. *See Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Company, LLC*, No. 97 C 8746, 2001 WL 303683 (N.D. Ill. March 28, 2001) (hereinafter "*Finnsugar I*"). Plaintiff subsequently moved for reconsideration of this order in light of *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041 (Fed. Cir. 2001), or, in the alternative, for certification of the issue for appeal. On



March 25, 2002, Judge Coar denied that motion. *See Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Company, LLC*, No. 97 C 8746, 2002 WL 460812 (N.D. Ill. Mar 26, 2002) (hereinafter *"Finnsugar II"*). A detailed factual background of this case is set forth in Judge Coar's opinions, and will not be reiterated here. *See Finnsugar I and Finnsugar II.* On August 30, 2002, the case was transferred from Judge Coar to this Court, and shortly thereafter, Plaintiff filed a renewed motion for reconsideration, this time in light of *In re Kollar*, 286 F.3d 1326 (Fed. Cir. 2002).[1]

## STANDARD OF REVIEW

As the party seeking reconsideration, Finnsugar bears a heavy burden. The Seventh Circuit has repeatedly cautioned that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (quotation omitted); *see also In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D. Ill.1992) ("motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."). Accordingly, a court will entertain a motion for reconsideration only where the moving party can establish that the law or facts have changed significantly since the issue was presented, or the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented," or has "made an error not of reasoning, but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185,

---

[1] The parties dispute whether Plaintiff's present motion represents the second or third formal motion for reconsideration of this issue. Resolution of that particular dispute, however, is immaterial. It suffices to say that briefing of reconsideration of the finding that the '398 patent is invalid under the on sale bar has been protracted and heavy.

2

1191 (7th Cir.1990). Whether to grant reconsideration is committed to the sound discretion of the court. *Cause Nationale de Credit v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996).

## ANALYSIS

Judge Coar previously granted Defendants' motion for partial summary judgment, finding that the '398 patent was invalid under the on sale bar. Section 102(b) of the Patent Act of 1952 precludes a person from patenting an invention that has been "on sale" more than one year. The Supreme Court has articulated a two part test for determining the applicability of the on sale bar. "First, the product must be the subject of a commercial offer for sale.... Second, the invention must be ready for patenting. That condition may be satisfied in at least two ways: [a] by proof of reduction to practice before the critical date, or [b] by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 61 (1998). Judge Coar found that defendants had satisfied both of these elements. *See Finnsugar I and Finnsugar II.* Plaintiffs now move this Court to reconsider the findings on each of these elements.

### A. *In re Kollar*

Plaintiff's principal basis for reconsideration is the opinion by the Federal Circuit in *In re Kollar*, arguing that the Federal Circuit in *Kollar* "changed the law pertaining to the on sale bar." (*See* R. 167-1, Pl.'s Renewed Mot. for Reconsideration, at 1.) Specifically, Plaintiff suggests that *In re Kollar* stands for the proposition that there is a distinction between process claims and product claims and that merely granting a license to an invention, without more, does not trigger the on sale bar under 35 U.S.C. § 102(b). (*See* R. 164-1 Pl.'s Mem. in Support of Renewed Mot.

3

for Reconsideration, at 7.)

As Defendants point out, however, *In re Kollar* did not actually "change the law" regarding what constitutes an offer to sell sufficient to invoke the on sale bar. To the contrary, the Federal Circuit's opinion expressly recognized that its holding was based on precedent, including *Mass-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206 (Fed Cir.1988). *See In re Kollar*, 286 F.3d at 1330 ("***We have held*** that merely granting a license to an invention, without more, does not trigger the on-sale bar of § 102(b).") (emphasis added; citing *Mass-Hamilton Group*). Thus, it cannot be said that *In re Kollar* "changed the law" regarding the on sale bar.

Moreover, earlier in this case, Plaintiff raised -- and Judge Coar rejected as distinguishable -- several of the cases cited by the Federal Circuit in *In re Kollar*. *See, e.g., Finnsugar*, 2001 WL 303683, at *6 (distinguishing *Mass-Hamilton*). *In re Kollar*, therefore, does not constitute adequate grounds for reconsideration.

### B. The "Ready for Patenting" Issue

Plaintiff also suggests that reconsideration should be granted because the M9B3 process underlying the '398 patent was not "ready for patenting." Specifically, Plaintiff argues that this Court "erroneously concluded that the invention was 'ready for patenting,' because the inventor had rendered a one page flow diagram of the M9B3 process . . . [and] there was evidence . . . that further development work and verification was done on the invention." (*See* R. 164-1 Pl.'s Mem. in Support of Renewed Mot. for Reconsideration, at 10.) Judge Coar, however, specifically rejected this argument as a basis for reconsideration in his March 25, 2002 order, observing that "Finnsugar's argument merely rehashe[d] old contentions rather than addressing manifest error of law or fact or newly discovered evidence." *Finnsugar II*, 2002 WL 460812, at

4

\*10.

In any case, as Judge Coar noted in his original *Finnsugar I* opinion, it was undisputed that "example 3 of the '398 patent was successfully performed in December 1993" and that the process was therefore "ready for patenting." *Id.* at 7 (*citing Pfaff v. Wells Electronics*, 525 U.S. 55, 57 n.2, 119 S.Ct. 304, 307 n.2, 142 L.Ed.2d 261 (1998)). Plaintiff argues that the process was not ready for patenting because additional verification was required, citing *Space Systems/Loral, Inc. v. Lockheed Martin Corp.*, 271 F.3d 1076, 1079 (Fed. Cir. 2001). But that case is inapposite. Under *Pfaff*, a process is ready for patenting when it has been reduced to practice *or* when the process has been depicted in "drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention . . . " *Pfaff*, 525 U.S. at 67-68, 119 S.Ct. at 312. In *Space Systems/Loral*, the Federal Circuit held that a process for maintaining the position and orientation of satellites was not ready for patenting where the process reflected "a bare conception that [had] not been enabled." 271 F.3d at 1080. *See also id.* ("the patent statute requires an enabling disclosure of how to make and use the invention.") (*citing Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed.Cir.1997)).

In addition, Plaintiff's suggestion that further calculations and verification were required (*see* R. 164-1 Pl.'s Mem. in Support of Renewed Mot. for Reconsideration, at 10) is contradicted by the record evidence. As the inventor himself testified, the process was successfully performed in December 1993 and subsequent testing merely established that the process performed better than expected. (*See* R. 93-1, Defs.' Rule 56.1(a)(3) Statement, Hyoky Dep. at 148-149 ("Q. Is it your understanding that the [December 1993] report showed that the process performed as

5

described in the report had been successful, correct? A. The test had been successful. Q. Yes. And then when you went back and did the recalculations, it actually showed that the results were even better, is that correct? A. Yes.").

### C. Entry of a Rule 54(b) Judgment

Finally, Plaintiff requests that the Court enter a final judgment on invalidity under Rule 54(b) in order to permit an immediate appeal of that issue. Plaintiff's only argument for reconsideration is that the Federal Circuit has reversed seven of fifteen reported summary judgment decisions finding patents invalid under the on sale bar and that a decision by the Federal Circuit could affect the trial of the Defendants' counterclaims.

As Defendants explain, however, the overlap or relation between the Court's finding that the '398 patent is invalid under the on sale bar and Defendants' counterclaims actually counsels **against** entry of judgment under Rule 54(b). *See, e.g., Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 701 (7th Cir. 1984) ("Our recent decisions emphasize that trial judges do not have carte blanche to certify partial dispositions for immediate appeal under Rule 54(b). . . . The rule itself makes clear that a district judge may enter an appealable judgment only if it disposes of a 'claim for relief' that is 'separate' from the claims not disposed of.").

\* \* \* \* \*

Judge Castillo observed in *McKenzie v. City of Chicago* that "[t]his court, just like the National Football League, has done away with the concept of 'instant replay.'" 968 F.Supp. 1268, 1272 (N.D. Ill. 1997). Of course, the NFL later resurrected instant replay, but in its wisdom, the NFL afforded teams only a limited number of replay challenges. Even under the more relaxed rules that govern pro football, however, the Court notes that Finnsugar would have

exhausted its opportunities for further review of this issue long ago.

## **CONCLUSION**

Plaintiff's Renewed Motion for Reconsideration (R. 167-1) is denied. Further, Defendants' Motion to Strike (R. 170-1) is denied as moot.

Dated: October 9, 2002

AMY J. ST. EVE
U.S. District Court Judge